# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-02981 MMM (RZx) | Date | June 15, 2009 |

| | |
|---|---|
| Title | *Travelers Casualty & Surety Company of Am. v. Nat'l Comm. Renaissance, et al.* |

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

| | |
|---|---|
| **Proceedings:** | **Order to Show Cause Why Action Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction** |

On April 28, 2009, plaintiff Travelers Casualty and Surety Company filed a complaint in federal court against defendants National Community Renaissance, National Community Renaissance of California, Palmdale Senior Housing Partners, L.P., Courson Senior Partners, L.P., Southern California Development Corporation, and HB Housing Partners, L.P.  Plaintiff asserts claims for breach of contract, specific performance, implied indemnity, quia timet, statutory relief and declaratory relief.  It asserts that the action is properly filed in federal court because it falls within the court's diversity jurisdiction.

District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  See 28 U.S.C. § 1332(a).  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants.  See generally *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 (1996) ("In *Strawbridge v. Curtiss* [ ], this Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. [ ] We have adhered to that statutory interpretation ever since" (citations omitted)).

For diversity purposes, a limited partnership ("LP") is a citizen of each state of which any partner or member is a citizen.  See *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) ("We reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.  We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members'"

(citation omitted)); *Nugget Hydroelectric, L.P. v. Pacific Gas and Electric Co.*, 981 F.2d 429, 438 (9th Cir.1992) ("Nugget asserted diversity jurisdiction. It was required to specify affirmatively the citizenship of all relevant parties [ ], which in the case of a limited partnership such as Nugget, are the partners" (citations omitted)); *Boulder Creek Co. v. Maruko Inc.*, 772 F.Supp. 1150, 1153 (C.D. Cal. 1991) ("The Supreme Court in *Carden* held that the citizenship of *all* partners, both general and limited, in a limited partnership must be considered for diversity purposes" (emphasis original; citation omitted)).

The complaint alleges that Palmdale Senior Housing Partners, L.P. is a limited partnership with its principal place of business in California; that California Courson Senior Partners, L.P. is a limited partnership with its principal place of business in California; and that California HB Housing Partners, L.P. is a limited partnership with its principal place of business in California. The complaint does not allege the *citizenship* of any of the individual members of the defendant LPs. Consequently, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and all defendants.

The court orders plaintiff to show cause, on or before **Wednesday, June 24, 2009,** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response should include a showing of the citizenship of all members of each of the defendant LPs. Defendants may file a responsive pleading on or before **Wednesday, July 1, 2009**.